FILED'09 APR 02 15:16 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENNIS EASLY,                           08-CV-351-PK

        Plaintiff,                    ORDER

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

RORY JOSEPH LINERUD
Linerud Law Firm
P.O. Box 1105
Salem, OR 97308
(503) 587-8985

        Attorneys for Plaintiff

KARIN J. IMMERGUT
United States Attorney
BRITTANIA I. HOBBS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1158

1  -  ORDER

**DAVID MORADO**
Office of the General Counsel
**DAVID M. BLUME**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2545

Attorneys for Defendant

**BROWN, Judge.**

Magistrate Judge Paul Papak issued Findings and
Recommendation (#12) on January 6, 2009, in which he recommends
this Court reverse and remand the Commissioner's decision denying
Plaintiff's application for supplemental security income benefits
and disability insurance benefits for further administrative
proceedings as to Easly's disability status after December 31,
2004.  Defendant filed timely Objections to the Findings and
Recommendation.  The matter is now before this Court pursuant to
28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure
72(b).

When any party objects to any portion of the Magistrate
Judge's Findings and Recommendation, the district court must make
a *de novo* determination of that portion of the Magistrate Judge's
report.  28 U.S.C. § 636(b)(1).  *See also United States v. Reyna-
Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United
States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

This Court has carefully considered Defendant's Objections

2  --  ORDER

and concludes they do not provide a basis to modify the Findings and Recommendation.  The Magistrate Judge thoroughly analyzed the substance of Defendant's Objections to the Findings and Recommendation and concluded the record does not reflect the extent to which Plaintiff's nonexertional limitations erode the available base of light-range jobs.  Accordingly, Social Security Ruling 83-14 requires the ALJ to obtain the testimony of a vocational expert rather than rely solely on the Medical-Vocational Guidelines at Step Five of the disability determination.  This Court agrees with the Magistrate Judge's conclusion.

The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

For these reasons, the Court **ADOPTS** Magistrate Judge Papak's Findings and Recommendation (#12).  Accordingly, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with the Magistrate Judge's Findings and Recommendations.

Section 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court."

3  -  ORDER

*Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R. § 404.1728(a)).   Under 42 U.S.C. § 406(b), "a court may allow 'a reasonable [attorneys'] fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant."   *Id.* at 795 (quoting 42 U.S.C. § 406(b)(1)(A)).   Because § 406(b) does not provide a time limit for filing applications for attorneys' fees and Federal Rule 54(d)(2)(B) is not practical in the context of Social Security sentence-four remands, Federal Rule of Civil Procedure 60(b)(6) governs.   *Massett v. Astrue*, 04-CV-1006 (Brown, J.)(issued June 30, 2008).   *See also McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006).   To ensure that any future application for attorneys' fees under § 406(b) is filed "within a reasonable time" as required under Rule 60(b)(6), the Court orders as follows:   If the Commissioner finds Plaintiff is disabled on remand and awards Plaintiff past-due benefits and if, as a result, Plaintiff intends to submit such application for attorneys' fees under § 406(b), Plaintiff shall submit any such application within 60 days from the issuance of the Notice of Award by the Commissioner.

IT IS SO ORDERED.

DATED this 2nd day of April, 2009.

ANNA J. BROWN
United States District Judge

4  -  ORDER